FILED 07 JUN '11 12:27 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

THOMAS DEMARTINO,

               Plaintiff,          Civil No. 10-6176-TC

             v.                   FINDINGS AND
                               RECOMMENDATION

STATE OF OREGON,
et al.,

               Defendants.

COFFIN, Magistrate Judge.

    Plaintiff is the father of two teenage boys that the Oregon Department of Health and Human Services ("DHS") placed in protective custody. Plaintiff filed a complaint under 42 U.S.C. § 1981, 1983, and 1985, 18 U.S.C. §§241, 242, 245 and 247, and 28 U.S.C. § 1443, naming thirty defendants including the Chief Justice of the Oregon Supreme Court, the Oregon Supreme Court, the Oregon Court of Appeals, the Commission on

1 - FINDINGS AND RECOMMENDATION

Judicial Fitness, the Oregon State Bar, plaintiff's ex-wife, various police and sheriff departments, officers and other individuals.

Plaintiff alleges numerous claims including a "conspiracy to order child support amounts, kidnapping, inflicting alienation of natural affection, false imprisonment, child molestation by the State" and "violations to civil liberties and upon the Domestic Church." Complaint (#2) p. 2.

Plaintiff seeks compensatory, punitive and treble damages in an amount that exceeds $400,000,000.00 from each defendant, and other relief including the return of his children, that the mother of the children not be allowed to leave the United States, that DHS and other agencies be denied access to all children and be prosecuted criminally, and that a panel of religious and spiritual community leaders be convened to review all past and future juvenile cases.

The alleged facts giving rise to plaintiff's claims are set forth in the parties' briefs and need not be repeated here.  The material facts relevant to each of the following motions will be set forth in the discussion below.

As a preliminary matter, plaintiff alleges claims on behalf of himself and his minor children.  An adult litigant may represent him or herself in federal court. 28 U.S.C. §1654.  A minor is prohibited from representing him or

herself, but may be represented by a guardian ad litem. Fed. R. Civ. P. 17c.   A guardian ad litem, however, may not represent a minor without retaining a lawyer.  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); see also, D.K. v. Huntington Beach Union High School District, 428 F. Supp. 2d 1088, 1090 (C.D. Cal 2006).

Thus, to the extent plaintiff seeks relief on behalf of his children, his claims should be denied because no claim on their behalf has been filed by a guardian ad litem or a duly authorized attorney.

Motion to Dismiss (#41): Defendants Carter, Gregg and Rockwell move the court for dismissal pursuant to Fed. R. Civ. P 12(b)(6) of plaintiff's claims against them for failure to state a claim.

Traci Gregg is an attorney that was appointed to represent plaintiff's children in state court proceedings. Attorney Gregg Rockwell was appointed to represent plaintiff. Jeff Carter is an attorney.  Plaintiff has not specifically alleged what role Mr. Carter played in the matters giving rise to his claims herein  other than being "present" during a "Compulsory settlement conference."  Complaint (#2. P. 7.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that the alleged conduct complained of was taken by a defendant acting under the color of state

law. American Manufacturing Mutual Ins. Co. V. Sullivan, 526 U.S. 40 (1999) (holding that the under color of state law element of § 1983 excludes from its reach private conduct no matter how discriminatory.); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991); Lugar v. Edmonson, 457 U.S. 922, 937 (1982); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Generally, private parties do not act under the color of state law. Price v. Hawaii, 939 F.2d 702-708 (9th Cir. 1991); Ortiz v. Washington County, 88 F.3d 804, 810 (D. Or. 1996). Specifically, court appointed attorney's do not act under the color of state law. Polk County v. Dodson, 454 U.S. 312 (1981); Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972).[1]

Plaintiff has not alleged any facts that would demonstrate that the moving defendants' alleged actions were "state action" or under the color of state law and therefore fails to state a claim under 42 U.S.C. § 1983.

In addition, plaintiff has not alleged sufficient facts to state a claim for conspiracy under § 1983. In order to withstand a motion to dismiss, a plaintiff must set forth

---

[1]Under some circumstances, not present in this case, private conduct may give rise to a claim under 42 U.S.C ¶ 1983 where the private actor's alleged infringement of the plaintiff's rights is "fairly attributable to the state." See, West v. Atkins, 487 U.S. 50 (1998).

allegations with particularity: "[v]ague and conclusory allegations of official participation in civil rights violations are not enough." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Jemzura v. Public Service Commission, 961 F. Supp. 406 (N.D.N.Y. 1997) ("Even pro se Section 1983 complaints must be dismissed if it contains only conclusory allegations of conspiracy to deprive a person of constitutional rights."). To prove conspiracy under § 1983, "an agreement or meeting of minds to violate ... constitutional rights must be shown." Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).

In this case, plaintiff simply alleges that the "defendants listed in the complaint ... conspired to remove and detain my children." Complaint (#2) p. 11-12. Plaintiff's vague and conclusory allegations of conspiracy are unsupported by any specific allegation of fact setting forth an agreement or meeting of the minds, and fails to state a claim for conspiracy under § 1983.

42 U.S.C. § 1981 protects non-white persons from any conduct by another that prevents them from making and enforcing contracts, suing, being parties, giving evidence, and generally affords non-white persons "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

In order to maintain a Section 1981 claim the plaintiff must allege that he is a member of a racial minority and that the conduct undertaken by the defendants was done with the intent to discriminate against the plaintiff on account of his race. Mian v. Donladson, Lufkin & Jenrette, 7 F. 3d 1085, 1087 (2nd Cir. 1983); see also, Diulus v. Churchill Valley Country Club, 601 F. Supp. 677 (W.D. Pa. 1985) ("while § 1981 has been held to prohibit discrimination on the basis of race ... courts have held that the statute does not extend to other forms of discrimination.).

In this case, plaintiff has not alleged that any of the actions or intent of defendants Carter, Gregg or Rockwell was based on or motivated by racial discrimination or animus. He therefore, fails to state a claim under Section 1981.

42 U.S.C. §1985(1) prohibits conspiracies "to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust or place of confidence under the United States or discharging the duties thereof."   This section has no relevance to any of plaintiff's allegations.

Section 1985(2) may be divided into two separate parts. "The first part of the subsection addresses conspiracies 'which deter by force, intimidation, or threat a party or witness in federal court.'  The second part of the subsection creates a federal right of action for damages against

conspiracies which obstruct the due course of justice in any State or Territory with intent to deny equal protection." Bagley v. CMC Real Estate Corp, 923 F.2d 758, 763 (9th Cir. 1991), *cert. Denied*, 112 S.Ct. 1161 (1992) (citations and footnotes omitted); Bretz v. Kelman, 773 F.2d 1392, 1395 (9th Cir. 1984).

Section 1985(3) prohibits conspiracies to deprive "any person or class of persons of equal protection of the laws." A claim under 1985(3) or the second part of 1985(2) must be premised upon a racial or class-based animus demonstrating an invidious discriminatory motivation.  Bagley, 923 F.2d at p. 763; Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987); Kimble v. D.J. McDuffy, Inc., 648 F.2d 340 (9th Cir. 1981).

Plaintiff's claims in this case do not involve allegations of intimidation or threats to a party or witness in a federal court proceeding.  Nor has plaintiff alleged any racial or class-based animus demonstrating a discriminatory motivation.  Therefore, plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Plaintiff cites various sections of Chapter 18 of the United States Code as a jurisdictional basis for some of his claims.  Chapter 18 provides for criminal remedies for violations of certain constitutional rights.  There is no

private right of action under Title 18.  Peabody v. U.S., 394 F.2d 175, 177 (9th Cir. 1986) *cert denied*, 393 U.S. 1033, 89 S.Ct. 648 (1969); rehearing denied 394 U.S. 955, 89 S.Ct. 1279 (1969); Duger v. Couglin, 613 F. Supp 849, 952, n. 1 (S.D.N.Y. 1985); Sauls v. Bristol Meyers Co., 462 F. Supp 887, 889 (S.D.N.Y. 1978); Lundt v. Hodges, 627 F.Supp 373 (N.D. Iowa 1985). Therefore, plaintiff cannot maintain a civil action against defendants Carter,  Gregg or Rockwell based on any provision of Title 18.     Finally, 28 U.S.C. § 1443 permits removal of state court actions to a United States District Court.   It does not provide for any right of action. Therefore, any claim that plaintiff seeks to bring under 28 U.S.C. § 1443 should be denied for failure to state a claim.

Defendants' Motion to dismiss (#41) should be allowed. Plaintiff's claims against defendants Carter, Gregg and Rockwell should be dismissed with prejudice.

State Defendants' Motion to Dismiss (#43): Defendants State of Oregon, Oregon Attorney General's Office, John Kroger, Bill Howell, Department of Human Services, Jamey Kadaja, Isaac Winegar, Marion County Circuit Court, Joseph Guimond, Pamela Abernethy, Michael Livingston, Oreogn Supreme Court, Paul DeMuniz, Oregon Appellate Court, David Brewer, Commission on Judicial Fitness, and Susan Isaacs, {the "state defenadnts"] move to dismiss on the following grounds.

The Supreme Court has repeatedly stated that a state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. Idaho v. Couer d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 72 (1996); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature."]; see also, P.R. Aqueduct & Sewer v. Metcalf & Eddy, 506 U.S. 139, 144 (1993); Beebtjes v. Placer County, 397 F.3d 775, 777 (9th Cir. 2005).

In addition, a state's waiver of sovereign immunity in its own courts does not waive its Eleventh Amendment immunity in federal court. Edleman v. Jordan, supra. Thus, the

enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

The State of Oregon has not waived its sovereign immunity, and this court lacks subject matter jurisdiction over plaintiff's claims against the State of Oregon, its agencies and employees in their official capacities.[2]

Plaintiff alleges claims against numerous state court judges.[3] Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. Mireles v. Waco, 502 U.S. 9 (1991); Forrester v. White, 484 U.S. 219, 225-26 (1987); Sherman v. Babbit, 772 F.2d 1476, 1477 (9th Cir. 1985); Butz v. Economou, 438 U.S. 478 (1978); "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."Pierson v. Ray, 386 U.S. 547 553-55 (1967). This immunity has been specifically extended to liability for damages under 42 U.S.C. 1983. Richardson v. Koshiba, 693 F.2d 911 (9th Cir. 1982),

---

[2]In addition, plaintiff's claims against the state  should be dismissed because the state, departments thereof and state officials in their official capacities, are not "persons" within the meaning of 42 U.S.C. §1983. Will v. Dep't of State Police, 491 U.S. 58, 67 (1989); Thomspsom v. City of Los Angeles, 885 F.2s 1439 (9th Cir. 1989). State of Kentucky v. Graham, 473 U.S. 159, 165 (1985) citing Monell v. Dep't of Social Services, 436 U.S. 658, 690 n. 55 (1978).

[3]Chief Justice Paul DeMuniz, Judge David Brewer, Judge Joseph Guimond, Judge Pamela Abernethy, and Judge Michael Livingston.

and to magistrate judges. <u>Tanner v. Heise</u>, 879 F.2d 572 (9th Cir. 1989); <u>Ryan v. Bilby</u>, 764 F.2d 1325 n. 4 (9th Cir. 1985). This immunity is not defeated by "allegations of bad faith, personal interest or outright malevolence." <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir. 1986). <u>See also</u>, <u>Schucker v. Rockwood</u>, 846 F.2d 1202 (9th Cir. 1988) (per curiam); <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976); <u>Sherman v. Babbit</u>, 772 F.2d 1476 (9th Cir. 1985). <u>Eaglesmith v. Ward</u>, 73 F.3d 857, 859 (9th Cir. 1995). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." <u>Stump</u> 435 U.S. at 356-57; <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir), <u>cert. denied</u>, 488 U.S. 995 (1988). A judge lacks immunity only when performing an act that is not "judicial" in nature, or when acting "in a clear absence of all jurisdiction." <u>Stump</u>, 435 U.S. at 356-57; <u>Schucker</u>, 846 F.2d at 1204.

Courts should construe the term "jurisdiction" broadly when making a judicial immunity inquiry. <u>See</u>, <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam); <u>Ashleman v. Pope</u>, 793 F.2d 1072, 1076 (9th Cir. 1986)(en banc). To determine whether an action is judicial, courts focus on whether (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers or courtroom;

(3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. <u>Ashleman v. Pope</u>, 793 F.2d at 1075; <u>see also</u>, <u>Stump v. Sparkman</u>, 435 U.S. at 362.

Applying these factors to the plaintiff's allegations in this case, I find that defendant judges' alleged conduct clearly related to their judicial functions and that they are entitled to absolute immunity from liability to plaintiff.

In addition prosecutors are absolutely immune from liability for their prosecutorial functions. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976); <u>Babcock v. Tyler</u>, 884 F.2d 497, 501 (9th Cir. 1989); <u>Sellers v. Procunier</u>, 641 F.2d 1295, 1297 n.4 (9th Cir. 1981). Plaintiff's allegations regarding defendant Howell clearly relate to his prosecutorial functions. Therefore, he is entitled to absolute immunity from liability to plaintiff.

Individuals performing quasi-judicial or quasi-prosecutorial functions are also entitled to absolute immunity from liability under 42 U.S.C. ¶ 1983. <u>See</u>, <u>Butz v. Economou</u>, <u>supra</u>. Accordingly, defendant Winnegar is immune for her actions (screening plaintiff's complaint to the Oregon Judicial Fitness and Disability Commission) and DHS case workers Jamey Kadaja and Isaac Winegar are immune from liability for their participation in judicial proceedings and

determining whether to proceed with juvenile court proceedings. <u>See</u>, <u>Meyers v. Contra Costa County Department of Social Services</u>, 812 F.2d 1154, 1157 (9th Cir. 1987); <u>see also</u>, <u>Cloverdell v. Department of Soc. & Health Services</u>, 834 F.2d 758, 764 (9th Cir. 1987) (child protective worker accorded absolute prosecutorial immunity for actions in seeking and obtaining an order to seize child from hospital and place in temporary shelter; <u>see also</u>, <u>Babcock v. Tyler</u>, 884 F.2d 497, 502-503 (9th Cir. 1989) (social worker entitled to absolute prosecutorial immunity for "post-adjudication" monitoring related to dependency determinations).

To the extent that plaintiff names any of the moving state officials as individuals, I find that they are entitled to qualified immunity from liability to plaintiff.

A state official is entitled to qualified immunity where his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Since 2009, in determining whether there is qualified immunity, the courts go directly to the question of whether the rights complained of are "clearly established." <u>See</u>, <u>Pearson v. Callahan</u>, 555 U.S. __, 129 S.Ct. 808 (2009).

In a recent case which is somewhat similar to the case before the court, two social workers and a deputy sheriff who

removed children from a parent with joint custody were determined to be entitled to qualified immunity as follows:

> "An official is entitled to summary judgment on the ground of qualified immunity where his or her conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Until recently courts considering an official claim of qualified immunity followed the two-step protocol established in *Saucier v. Katz*, 533 U.S. 194 (2001), which required us first to determine whether the defendant violated a constitutional right and then to determine whether that right was clearly established. *See, Pearson v. Callahan*, 555 U.S. ___, 129 S.Ct. 808, 818 (2009) (overturning *Saucier* in part). In *Pearson v. Callahan*, the Supreme Court reversed this earlier rule and gave courts discretion to grant qualified immunity on the basis of the "clearly established" prong alone, without deciding in the first instance whether any right had been violated. *Id.* Thus, we may grant qualified immunity if 'the facts that a plaintiff has alleged or shown [do not] make out a violation of a constitutional right' or if 'the right at issue was [not] clearly established at the time of the defendant's alleged conduct.' *Id.* At 816, 818 (internal citations omitted)."

James v. Rowlands, 606 F.3d 646 (9th Cir. 2010).

Plaintiff's complaint alleges numerous violations of his civil and constitutional rights. However, non of the factual allegations can reasonably be construed as violating any "clearly established" constitutional right. Therefore, the individual defendants are entitled to qualified immunity from liability to plaintiff.

The State defendants' Motion to Dismiss (#43) should be

allowed.[4]

<u>Salem-Keizer School District's Motion to Dismiss (48):</u>
Defendant Salem-Keizer School District moves to dismiss
plaintiff's claims pursuant to Fed. R. Civ. P 12(b)(1) and (6)
for failure to state a claim upon which relief can be granted
on the grounds that:

> 1.) Plaintiff has failed to state a claim
> under federal civil rights laws 42 U.S.C. § 1981,
> 42 U.S.C. § 1983, and 42 U.S.C. § 1985
> 2.) Plaintiff cannot bring a private right of
> action under federal criminal statutes (18 U.S.C.
> §24, §241, §245 and §247) and therefore plaintiff
> fails to state a claim under these statutes and
> this court lacks subject matter jurisdiction to
> hear these claims.
> 3.) Plaintiff fails to state a claim under 28
> U.S.C. §1443, a statute regarding the removal of
> civil rights claims to federal court.

Salem-Keizer School District's Motion to Dismiss (#48) p. 2.

Respondeat superior is not a proper basis for liability
under 42 U.S.C. § 1983. Local governmental units cannot be
held responsible for the acts of employees unless the alleged
harmful conduct was pursuant to an official custom or policy
of the entity. <u>Monell v. New York Department of Social
Services</u>, 436 U.S. 658, 694-695 (1978); <u>Oviatt v. Pearce</u>, 954
F.2d 1470, 1473-1474 (9th Cir. 1992). Thus, to establish a §
1983 claim against the Salem-Keizer School District, plaintiff

---

[4]Because I find that the immunity issues are dispositive of
plaintiff's claims against the State defendants, it is not
necessary to discuss defendants' *Rooker-Feldman* doctrine, *res
judicata* and collateral estoppel arguments set forth in the State
Defendants' Reply (#96).

must allege: (1) he was deprived of his constitutional rights by the district; (2) that the district had customs or policies which amounted to a deliberate indifference to plaintiff's constitutional rights; and (3) that these policies were the "moving force behind the constitutional violation[s]." <u>Oviate v. Pearce</u>, <u>supra</u> at 1477 (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 389-91 (1989).

In this case, plaintiff has not alleged which of his constitutional rights were allegedly violated by the district.[5] Nor has plaintiff alleged that the conduct complained of was pursuant to a custom or policy of the district that amounted to a deliberate indifference to plaintiff's constitutional and was the moving force behind the constitutional violation. Accordingly, plaintiff has failed to state a claim under 42 U.S.C. § 1983.

For the reasons discussed above in connection with the State Defendant's Motion to Dismiss (#41), plaintiff's allegations fail to state a claim under 42 U.S.C. § 1981 because plaintiff has not alleged he is a member of a racial minority and that defendants discriminated against him on the

---

[5]In his Response to defendants' motion to dismiss, plaintiff alleges that the district violated his rights under the First, Fourth, Eighth and Fourteenth Amendments. However, plaintiff has not alleged any specific facts that would establish the requisite elements of a claim under any of these amendments. In addition, plaintiff has still not identified a district custom or policy that would give rise to liability for the alleged constitutional violations.

basis of his race.    Also as noted above, plaintiff's conspiracy allegations are insufficient to state a claim under 42 U.S.C. § 1985.

Plaintiff alleges multiple violations of the federal criminal code (Title 18). As discussed above, federal criminal statutes do not provide a basis for a private right of action, but rather must be prosecuted by the Attorney General. Frost v. Robertson, 2009 US Dist LEXIS 24006, 43-45 (D. Idaho 2009). Therefore, plaintiff's claims that the defendant school district violated criminal statutes should be dismissed because this court lacks subject matter jurisdiction and because plaintiff has failed to state a claim upon which relief can be granted under those statues.

Also, as discussed above, 28 U.S.C. § 1443 provides for removal of certain claims from state courts to federal court. It does not provide for a separate cause of action. Therefore, plaintiff's allegations of a claim under 28 U.S.C. §1443 fail to state a claim.

Defendant Salem-Keizer School District's Motion to Dismiss (#48) should be allowed.

Marion County's Motion to Dismiss (#55):    Marion County, the Marion County Sheriff's Office, Bryan Flannery and the Marion County Juvenile Department (the "Marion County Defendants") move the court for an order dismissing plaintiff's claims

against them for failure to state a claim and insufficient service of process.

Although Marion County and the Marion County Juvenile Department are listed in the caption of plaintiff's complaint, plaintiff makes no specific factual allegations regarding these named defendants.

Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief."

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

In order to state a claim against a named defendant, plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. General allegations are insufficient. A claim may be dismissed as insufficient as a matter of law if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Whitter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint

dismissed as to him, pursuant to Fed. R. Civ. P. 12(b).   Polk
v. Montgomery County, 548 F. Supp. 613, 614 (D.Md. 1982). See
also, Morabito v. Blum, 528 F.Supp. 252, 262 (S.D. N.Y. 1981).
Although pro se complaints are to be interpreted liberally,
Haines v. Kerner, 92 S.Ct. 594 (1972),   the court may not
supply essential elements that are not pleaded.   Ivey v. Board
of Regents, 673 F.2d 266 (9th Cir. 1982).

Plaintiff has not alleged any factual allegations or
legal theories of recovery against defendants Marion County or
the   Marion   County   Juvenile   Department.[6]      Therefore,
plaintiff's "claims" against them should be denied and they
should be dismissed as defendants.

Plaintiff alleges that the "Marion County Sheriff's
Office and its employees ... participated and assisted the
state's department of human services, welfare office, in the
detainment of my children, and physical removal of them from
the schools, assisted state agencies to conspire to deprive
civil liberties, refused to answer letters to explain their
actions or procedures for non-criminal allegations against
children, and assisted in their false imprisonment, and
kidnapping."   Complaint (#2) p. 12.

---

[6]Plaintiff's allegations regarding "state agencies" does not
constitute a claim against Marion County or MCJD. Even if "state
agencies" is liberally construed to include Marion County and MCJD,
plaintiff's claims should be dismissed for the reasons set forth in
the discussion of the State Defendants' Motion t Dismiss (#43).

Plaintiff's allegation appears to be asserting violations of his children's rights or claims on behalf of his children. As noted at the outset, plaintiff lacks standing to assert claims on behalf of his children. See also, Warth v. Seldin, 422 U.S. 490, 499 (1975).

To the extent plaintiff's allegation concerning the Marion County Sheriff's Office can be construed as alleging a violation of plaintiff's rights, it fails to state a claim because it fails to allege a specific constitutional violation that was the result of an official custom or policy of Marion County or the Marion County Sheriff's Office. See, Monell v. New York City Department of Social Services and Oviatt v. Pearce, supra, and the discussion of the State Defendants' Motion to Dismiss (#41) above.

Because I find that defendants' arguments discussed above are dispositive of plaintiff's claims against the Marion County defendants, it is not necessary to address defendants' argument regarding insufficient service of process.

The Marion County Defendants' Motion to Dismiss (#55) should be allowed.

Oregon State Bar's Motion to Dismiss (#59): The Oregon State Bar moves to dismiss plaintiff's claims against it for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

The Eleventh Amendment bars actions in federal court against states, state agencies and officials performing their official functions. Federal courts that have addressed the issue have held that state bar associations are instrumentalities of the state and thus entitled to Eleventh Amendment immunity. <u>Thiel v. State Bar of Wisconson</u>, 94 F.3d 399, 401 (97th Cir. 1996), *citing* <u>Crosetto v. State Bar of Wisconson</u>, 12 F.3d 1496, 1401 (7th Cir. 1996) (collecting and citing cases); <u>Hirsch v. Justices of the Supreme Court of California</u>, 67 F.3d 708, 715 (9th Cir. 1995); <u>see also</u>, <u>Erwin v. Oregon ex rel. Kitzhaber</u>, 231 F.Supp 2nd 1003, 1007 (D. Or. 2001). The Oregon State Bar is statutorily an instrumentality of the Judicial Department of the State of Oregon. <u>See</u>, ORS 9.010. Because the OSB is an instrumentality of the State of Oregon, it is entitled to Eleventh Amendment immunity from suit in federal court.

In addition the Oregon legislature has provided immunity to the OSB and its agents for the performance of their duties relating to the admission, reinstatement or discipline of attorneys. ORS 9.537. Plaintiff's claim against the OSB in this case relates to their alleged failure to "conduct an investigation of the unethical, negligent legal work" of the defendant attorneys. Complaint (#2) p. 10. Accordingly, defendant OSB is entitled to immunity from liability to

plaintiff under ORS 9.573.

Lastly, private citizens do not have standing to challenge the performance of a Bar association's disciplinary function. See, Cotton v. Steele, 255 Neb 892, 587 NW 2d 693 (1999); Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559 (9th Cir. 1993). Therefore, plaintiff in this case lacks standing to sue defendant Oregon State Bar.

Defendant Oregon State Bar's Motion to Dismiss (#59) should be allowed.

Motion to Dismiss (#80): Deborah K. Hulst moves the court to dismiss plaintiff's claims against her and deny plaintiff's motion for partial summary judgment against her, on the grounds that plaintiff's allegations "are all false, dishonest, and are an unreasonable and ludicrous attempt by the Plaintiff to misuse the court system." Motion to Dismiss (#80).

Defendant Hulst is the mother of plaintiff's children and plaintiff alleges that she "conspired with various State agencies, 'to cooperate' in an illegal scheme to change the living arrangements of my children, the basis Joseph Guimond found for mother to regain or obtain physical custody of Children, that violates father's and children's basic civil, human rights, and Natural rights against family, church." (Sic) Complaint (#2 p. 10 - 11.

Defendant Hulst is a private individual and plaintiff has not alleged any facts that would establish that her alleged conduct could be construed as "state action" or under the color of state law. Accordingly, plaintiff fails to state a claim cognizable under 42 U.S.C. § 1983 against defendant Hulst. See discussion of Defendants' Motion to Dismiss (#41) above. Plaintiff's conclusory allegation that defendant Hulst "conspired" with others to violate his rights are wholly insufficient to state a claim for conspiracy.

Defendant Hulst's Motion to Dismiss (#80) should be allowed. Plaintiff's "Motion for partial summary judgment on Deborah A. Hulst" (#73) should be denied.

Defendant City of Salem, et al's Motion for Summary Judgment (#102: Defendant City of Salem, Salem Police Department and Officer Clement Spenner move for summary judgment as to plaintiff's claims against them.

The relevant facts as to plaintiff's claims against the moving defendants are as follows:

On September 24, 2008, Officer Clement Spenner of the Salem Police Department was assigned to North High School as the School Resource Officer. On that day, Jamey Kadaja, a case worker with the Oregon Department of Human Services ("DHS") contacted Officer Spenner and informed him that DHS had taken plaintiff's sons into protective custody. Mr. Kadaja further

advised that plaintiff was not to have any contact with his sons. Officer Spenner spoke with Mr. Honey, the principal of North High School, and they decided that plaintiff should not come on the North High School campus. Mr. Honey requested that plaintiff be "trespassed" from North High School.

Later that day, Officer Spenner learned that plaintiff had called the school attempting to speak with various individuals about his case with DHS. Officer Spenner requested that the school's staff transfer calls from plaintiff to Officer Spenner. Plaintiff called the school later that day and Officer Spenner advised him to contact DHS regarding issues with his son and not to trespass on school property. An argument ensued and Officer eventually ended the phone conversation. Plaintiff called the school several more times that day until Officer Spenner threatened to arrest him for telephone harassment.

On October 15, 2008, Julie Cooper, a receptionist at North High School, contacted Officer Spenner and informed hm that the school had received a post card addressed to Joshua DeMartino that was signed "love Dad." Ms. Cooper advised Officer Spenner that she was aware that plaintiff was not to contact his children. Officer Spenner called Mr. Kadaja who related that the Court had ordered plaintiff not to have any type of contact with either of his sons. Officer Spenner

seized the postcard as evidence of plaintiff's violation of the Court's order and submitted a report to DHS regarding the contact.  <u>See</u>, Concise Statement of Material Facts (#103) and Declaration of Officer Clement Spenner (#103-1).

Plaintiff's Claims 1, 4, 5 and 6 apparently seek to hold the City of Salem defendants liable for the September 17, 2008, interview of his children by Jamey Kadaja.  However, it is uncontroverted that no City defendant participated in or was even aware of, the alleged wrongful interview.  "Liability under Section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Ortez v. Washington County</u>, 88 F.3d 804, 809 (9th Cir. 1996).

Plaintiff's 7th and 8th claims are based on the seizure of a postcard that he sent in violation of a court order prohibiting him from contacting his children.  Plaintiff claims that Officer Spenner committed an "unlawful seizure" in violation of the 4th Amendment by seizing the post card. Defendant Spenner's confiscation of evidence that plaintiff was violating the court order restricting contact with his children fails to state a Fourth Amendment claim (or any

claim) as a matter of law.[7]

Plaintiff argues that the City of Salem defendants are "indirectly" responsible for claims 10, 26, 29, 40 and 41 – apparently based on Defendant Spenner's alleged participation in the conduct complained of in these claims. See, Plaintiff's "Motion to Dismiss Salem Defendant's Motion for Summary Judgment (#108), p. 8. However, as noted above, liability under 42 U.S.C. § 1983 attaches only based upon personal participation of a defendant.  Plaintiff has not alleged any personal participation on the part of the moving defendants that would subject them to liability for these claims.

Plaintiff has named the Salem Police Department as a defendant. However, the Salem Police Department is not a "person" that is subject to liability under §1983.  See, Harvey v. Estes, 65 F.3d 784 (9th Cir. 1995); see also, Keller v. City of Portland, 1998 WL 1060222 at **3-4 (D. Or. 1998) ("A city police department is not a separate entity from the city itself and thus not amenable to suit.  It is merely the vehicle through which the city fulfills its policing functions.  Suit must be brought against the city itself.").

Since the Salem Police Department is not a separate entity subject to liability apart from the City of Salem, it

---

[7]Moreover, plaintiff's arguments in his Reply (#113) suggest that he is attempting to assert his sons' First Amendment rights – which as discussed elsewhere herein, is not permissible.

is entitled to judgment as a matter of law.

When police officers perform discretionary functions, they are shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Headwaters Forest Defense v. County of Humbolt, 240 F.3d 1185, 1206 (9th Cir. 2001). "Qualified immunity protects ...officials who reasonably believe they are acting lawfully in carrying out their duties," Act Up! Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993), and "protects all but the plainly incompetent or those who knowingly violate the law." Slocum v. Tadlock, 21 F.3d 1462, 1466-67 (9th Cir. 1994) (internal citation omitted).

As discussed above regarding the State defendants' Motion to Dismiss (#43) the critical inquiry in determining entitlement to qualified immunity is whether the constitutional right allegedly violated was "clearly established." Person v. Callahan, 555 U.S. __, 129 U.S. 808 (2009); see also, James v. Rowland, 606 F.3d 646 (9th Cir. 2010). Qualified immunity shields an officer from liability when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted. Brosseau v. Haugen, 543 U.S.

194, 198 (2004).

In this case, Officer Spenner was informed by a DHS caseworker that plaintiff was prohibited by a court order from having any contact with his sons. Under these circumstances, Officer Spenner's response to plaintiff's telephone calls to the school and his seizing the postcard were reasonable and did not violate plaintiff's clearly established constitutional rights. Thus, even if plaintiff were able to establish that Officer Spenner's conduct violated his constitutional rights, Officer Spenner is entitled to qualified immunity from liability to plaintiff.

Plaintiff has not made any specific factual allegation against the City of Salem. Apparently plaintiff seeks to hold the City of Salem liable on a theory of respondeat superior - based on the conduct of Officer Spenner. However, as discussed above, respondeat superior is not a proper basis for liability under § 1983. Plaintiff has not alleged that his rights were violated as the result of a custom or policy or the City of Salem or alleged any facts that would give rise to liability on the part of the city of Salem.

To the extent plaintiff seeks to hold the City of Salem defendants liable on a conspiracy theory, plaintiff has failed to plead or establish facts that would establish a conspiracy between or among any of the defendants.

Based on the foregoing, I find that there are no genuine issues as to any material fact and that the moving defendants are entitled to judgment as a matter of law. Defendant City of Salem, Salem Police Department and Officer Clement Spenner's Motion for Summary Judgment (#102) should be allowed. Plaintiff's claims against the moving defendants should be denied and dismissed with prejudice. Plaintiff's Motion for Partial Summary Judgment (#78) should be denied.

Summary: Defendants' Motions to Dismiss (#41), (#43), (#48), (#55), (#59), (#80) and defendants' Motion for Summary Judgment (#102) should be allowed. Plaintiff's Motion for Summary Judgment (#73) Motion for Partial Summary Judgment (#78) and "Motion for preliminary (sic), permanent Injunctive relief (#105) should be denied.

Plaintiff's claims against all defendants should be denied. This case should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of June, 2010.

_____
Thomas M. Coffin
United States Magistrate Judge